UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kevin A. Miller, | ) C/A No. 4:07-3625-CMC-TER |
| Petitioner, | ) |
| vs. | ) |
| Warden, USP-Lee, | ) **Report and Recommendation** |
| Respondent. | ) |

The Petitioner, Kevin A. Miller (Petitioner), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner is a federal prisoner at USP-Lee, Jonesville, Virginia. The Petition should be dismissed for failure to state a claim upon which relief may be granted.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville,* 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys,

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

*Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition, the Petitioner's allegations are assumed to be true. *See Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, the Petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Petitioner alleges he was incorrectly sentenced as a career criminal for the offenses of 922(g) and 924(e). Petitioner states that, since his conviction, he has "discovered the distribution of crack charge was dismissed, no longer rendering [Petitioner] an armed career criminal."

## Discussion

A writ under 28 U.S.C. § 2241 by a federal prisoner must be brought in a district court with jurisdiction over the prisoner or his custodian. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484 (1973); § 2241(a). Petitioner is currently incarcerated in a federal prison in the State of Virginia. Therefore, to the extent Plaintiff attempts to avail himself to § 2241, this Court lacks jurisdiction over Petitioner's claim and the petition is subject to summary dismissal.

While Petitioner has filed his habeas action pursuant to 28 U.S.C. § 2241, a review of the instant petition reveals that it actually represents a collateral attack upon a sentence imposed by the United States District Court for the District of South Carolina. This kind of attack is more properly

reserved for a petition filed pursuant to 28 U.S.C. § 2255 in the sentencing court, *In re Vial*, 115 F.3d 1192 (4th Cir. 1997), instead of a petition filed pursuant to § 2241 in the circuit of incarceration. Thus, if construed as a § 2255 habeas action, Petitioner has filed his action in the correct Court.

However, Petitioner has filed a previous § 2255 habeas action in this Court, challenging the same conviction and sentence referenced in the current petition.[2] Because of the "gatekeeping" amendments effected by the Anti-Terrorism and Effective Death Penalty Act of 1996[3] ("AEDPA"), in order to bring a "second or successive" motion under § 2255, Petitioner must receive permission to do so from the court of appeals in which circuit the district court sits, in this case, the Fourth Circuit. *See* § 2255; 28 U.S.C. § 2244(a).

In order to obtain such permission, the movant must have the court of appeals certify that his motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

§ 2255. Petitioner has failed to obtain permission from the Fourth Circuit Court of Appeals to file a second or successive motion. Therefore, Petitioner's action, even when construed as a writ of habeas corpus pursuant to § 2255, is subject to summary dismissal.

---

[2] In *Miller v. United States of America*, C/A No. 3:03-3964-CMC, a § 2255 motion by the Petitioner was dismissed with prejudice after summary judgment was granted to the Respondent. The District Court's judgment was affirmed by the United States Court of Appeals for the Fourth Circuit. *See U.S. v. Miller*, 146 Fed. Appx. 658 (4th Cir. 2005)(unpublished).

[3] Pub. L. No. 104-132, 110 Stat. 1214.

<u>Recommendation</u>

Accordingly, it is recommended that the Petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the Respondent. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit). *Cf.* the Anti-Terrorism and Effective Death Penalty Act of 1996. Petitioner's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III.  
United States Magistrate Judge

November <u>29</u>, 2007
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).